**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000147**
**13-MAR-2025**
**10:45 AM**
**Dkt. 91 SO**

NOS. CAAP-22-0000147 and CAAP-22-0000505

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

**CAAP-22-0000147**

JAIME EDUARDO QUIROS, Plaintiff-Appellant,
v.
STEPHANIE ANN QUIROS, Defendant-Appellee

and

**CAAP-22-0000505**

JAIME EDUARDO QUIROS, Plaintiff-Appellant,
v.
STEPHANIE ANN QUIROS, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1DV201006681)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Wadsworth and Guidry, JJ.)

In these consolidated appeals, self-represented

Plaintiff-Appellant Jaime Eduardo Quiros (**Husband**) appeals from

the Family Court of the First Circuit's (**family court**)[1] (1) Order Denying Husband's Motion for Reconsideration and/or for Amendment of the December 13, 2021 Order, filed on February 16, 2022 (**February 2022 Order**); (2) Order Regarding Defendant-Appellee Stephanie Ann Quiros's (**Wife**) Motion and Declaration for Post-Decree Relief, filed on June 1, 2022 (**June 2022 Order**); and (3) Order Denying Husband's Motion for Reconsideration and/or for Amendment of the June 1, 2022 Order, filed on July 26, 2022 (**July 2022 Order**).

Husband appears to make four arguments on appeal,[2] contending that the family court erred as to: (1) "the Division of property of marital debt of $6,201.00"; (2) "[Husband's] request to change alimony due to loss of job"; (3) the "TRO"; and (4) its failure to hold Wife in contempt for her failure to "file [an] income and expense [statement] as required."  Upon careful review of the record, briefs, and relevant legal authorities, we address Husband's arguments as follows:

---

[1]    The Honorable Bryant Zane and the Honorable Courtney N. Naso presided.

[2]    These arguments appear in the Statement of the Case and "Issue[s] Raised" sections in Husband's "Informal Opening Brief," filed in CAAP-22-0000147.  Husband's "Pro Se Appellant's Opening Brief," filed in CAAP-22-0000505, generally asks this court to "open and relook at this case" but does not set forth any discernible issues for review.
         We note that self-represented Husband's briefs are in many ways substantially non-compliant with the requirements of Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28.  Among other things, Husband's opening briefs do not set forth "points of error" in compliance with HRAP Rule 28(b)(4).

(1) "Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion." Brutsch v. Brutsch, 139 Hawaiʻi 373, 381, 390 P.3d 1260, 1268 (2017) (citation omitted). Husband makes no discernible argument as to how the family court abused its discretion in its "property division of marital debt." We thus exercise our authority to "disregard a particular contention if the appellant makes no discernible argument in support of that position." In re Guardianship of Carlsmith, 113 Hawaiʻi 236, 246, 151 P.3d 717, 727 (2007) (cleaned up).

(2) Husband next appears to challenge the family court's entry of its February 2022, June 2022, and July 2022 Orders.

We first address Husband's contention that the family court abused its discretion in entering its February 2022 Order denying reconsideration of the spousal support award.[3] "[Hawaii Revised Statutes] § 580-47(d) [(2018)] provides for future modification of spousal support orders upon a showing of material changes in circumstances or other good cause."

_____

[3] The family court awarded spousal support to Wife in its Divorce Decree, filed on July 16, 2021, and denied Husband's July 30, 2021 post-decree motion to modify the spousal support award in its Order Denying Husband's Motion for Post-Decree Relief, filed on December 13, 2021. Husband did not appeal either ruling.

Jacoby v. Jacoby, 134 Hawaiʻi 431, 446, 341 P.3d 1231, 1246 (App. 2014).

It appears that Husband's motion for reconsideration of the spousal support award alleged a loss of employment that occurred *prior to* the family court's issuance of the July 16, 2021 Divorce Decree, and the December 13, 2021 Order Denying Husband's Motion for Post-Decree Relief.[4]  "The purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion."  Tagupa v. Tagupa, 108 Hawaiʻi 459, 465, 121 P.3d 924, 930 (App. 2005) (cleaned up). The loss of employment evidence that Husband relies upon as a basis for modification of the spousal support award was known to Husband at the time the family court considered Husband's motion for post-decree relief.  See id. ("Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding.") (citation omitted).  We therefore conclude that the family court did not abuse its discretion in issuing its February 2022 Order denying Husband's motion for reconsideration.

---

[4]     Husband produced exhibits showing that he was terminated from his employment at Joint Base Pearl Harbor – Hickam effective April 24, 2021, and from his employment with JN Group effective April 8, 2021.

We next address Husband's contention that default was erroneously granted with regard to Wife's request for enforcement of the spousal support award.  The family court's June 2022 Order awarded spousal support arrearages to Wife on the basis of Husband "inexcusably fail[ing] to appear" at the hearing, and the July 2022 Order denied Husband's motion for reconsideration of the June 2022 Order.  We construe self-represented Husband's July 2022 motion for reconsideration as a Hawaiʻi Family Court Rules (**HFCR**) Rule 55(c) motion to set aside Husband's default.

Pursuant to HFCR Rule 55(c), "[f]or good cause shown the court may set aside an entry of default[.]"  See also Chen v. Mah, 146 Hawaiʻi 157, 177 & n.21, 457 P.3d 796, 816 & n.21 (2020) (holding that HFCR Rule 55(c) motions "are governed only by the plain language 'good cause' standard explicitly stated in the rule").  It is not clear from the record and the July 2022 Order that the family court applied the good cause standard in evaluating Husband's contentions.[5]  We therefore vacate the family court's July 2022 Order and remand with instructions that the family court apply the good cause standard in its consideration of Husband's contentions.  If the family

---

[5]     Husband alleged that he appeared at the courthouse for the June 2022 hearing, but that he was denied entry into the courtroom because he was told he was "too late."  The family court's July 2022 Order summarily denied Husband's request to set aside his default.

5

court finds good cause that warrants setting aside the default, the family court should then reconsider, on the merits of Husband's argument, its June 2022 Order granting Wife's motion for spousal support arrearages.

(3) To the extent that Husband is challenging the "TRO," it appears that Husband is referencing a temporary restraining order that was issued in a separate case, FC-DA 20-1-2711.  Any order issued in FC-DA 20-1-2711 is not a part of the record of this case, and it is not appealed here.  We therefore do not review the "TRO."

(4) We find lacking in merit Husband's argument that the family court erred in "fail[ing] to hold [Wife] in contempt of court [for] failing to file the income and expense [statement][as] required," and that Husband was therefore "not provide[d] with such information and . . . could not dispute some of the false information submitted."

The record reflects that the family court ordered Husband and Wife to "drop off their exhibits at the Kapolei Courthouse by November 17, 2021 for exchange to [the] other party and for the Court to receive its copies" in advance of its continued December 1, 2021 hearing on Husband's motion for post-decree relief.  Both Husband and Wife's updated Income and Expense Statements were filed on November 17, 2021, and Husband has not shown that he did not receive Wife's filings or that he

was unable to dispute "false information" presented by Wife. It appears that Husband was present for the hearing on his motion for post-decree relief, and the family court took Husband's motion and the parties' submissions into consideration in its ruling.[6]

For the foregoing reasons, we affirm the family court's February 2022 Order and June 2022 Order, but we vacate the family court's July 2022 Order and remand for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, March 13, 2025.

| | |
|---|---|
| On the briefs: | /s/ Katherine G. Leonard<br>Acting Chief Judge |
| Jaime E. Quiros,<br>Self-represented<br>Plaintiff-Appellant. | /s/ Clyde J. Wadsworth<br>Associate Judge |
| Stephanie Ann Quiros,<br>Self-represented<br>Defendant-Appellee. | /s/ Kimberly T. Guidry<br>Associate Judge |

---

[6] The record does not include any transcripts, but it reflects that Husband was present at the December 1, 2021 hearing, which was held after Wife filed her updated Income and Expense Statement on November 17, 2021.

The family court's December 13, 2021 Order Denying Husband's Motion for Post-Decree Relief, which was not appealed by Husband, provides that "[a]fter taking judicial notice of the records and files of this case and after considering [Husband's] motion, the credible and reliable evidence presented, and the applicable law, this [c]ourt hereby denies [Husband's] Motion for Post-Decree Relief in its entirety."